## No. 28506

## The People of the State of Colorado v. Craigston Honey

(596 P.2d 751)

Decided June 11, 1979. Opinion modified and as modified rehearing denied July 16, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor, Nathan B. Coats, Assistant, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

Craigston Honey (defendant) was convicted by a jury of attempted second-degree kidnapping in violation of section 18-2-101 C.R.S. 1973 (1978 Repl. Vol. 8). He appeals the conviction on two bases: first, that the trial court erred in admitting evidence of a prior transaction; second, that the Colorado competency statute, section 13-90-101, C.R.S. 1973, is unconstitutional. We agree with the first point raised and therefore reverse.

The following facts were shown by the People at trial: on April 2, 1977, a man approached the victim in this case at approximately 10 p.m. in the parking lot of Stouffer's Inn, near the airport in Denver, and asked her for directions to another motel. After she gave him directions, he left, and she got into her automobile. He returned moments later, opened the car door, and said, "Slide over, bitch. I'm going to kill you. I have a gun in my pocket." Rather than complying, the victim honked the horn of the car. The man ran away, but was later identified by both the victim and a witness as the defendant.

At trial, the People offered evidence of a prior act for the purpose of establishing motive, scheme, design, *modus operandi,* and intent. After an *in camera* hearing, the trial court admitted testimony of the following prior act: on January 31, 1976, another woman was walking on Colfax Avenue near downtown Denver. A man drove an automobile next to the curb and asked the woman for directions to a street. She gave him directions, and he drove away. Moments later, he again pulled next to the curb, put a gun to the window of the car and said, "Get in the car." The woman ran across the street and immediately reported the matter to the police. The man drove away, but was arrested within twenty minutes and identified by the woman as the defendant in this case.

I.

■ The defendant's first contention is that the trial court erred in admitting testimony of the prior offense. It is well established that, although evidence of offenses other than that for which the accused is being tried is generally inadmissible, it can be admitted under some circumstances. *People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974).

We have considered the issue of the admissibility of prior similar transactions in numerous cases, and the substantial body of law set forth in those cases governs our disposition of the instant case. *See inter alia Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *People v. Lamirato,* 180 Colo. 250, 504 P.2d 661 (1972); *Ihme, supra.*

■ The admission of evidence of prior criminal transactions must strictly adhere to the procedural protections set forth in *Stull, supra.*[1] In addition, the court must determine if the substantive value of the evidence merits its consideration by the jury. In this respect, the court must address three issues: (1) is there a valid purpose for which the evidence is offered? (2) is the evidence relevant to a material issue of the case? (3) does the probative value of the evidence of the prior act, considering the other evidence which is relevant to the issue, outweigh the prejudice to the defendant which would result from its admission? Only if all three substantive inquiries are answered in the affirmative and the procedural guidelines of *Stull, supra,* are followed can the evidence be admitted.

■ The first question to be considered, then, is whether there is a valid purpose for the admission of the prior act into evidence.[2] In order to be valid, the purpose must be to prove a material issue of the case. *People v. Geller,* 189 Colo. 338, 540 P.2d 334 (1975).

The evidence must be necessary to prove the material issue for which it is offered. Thus, the issue must be in controversy. If the defense has conceded the issue, or if it has been established by other competent evidence, evidence of the prior act is unnecessary and, as such, inadmissible. *Huerta v. People,* 168 Colo. 276, 450 P.2d 648 (1969).

---

[1] We stated in *Stull* that four procedures must be followed in the admission of evidence of prior criminal acts:

"First, the prosecutor should advise the trial court of the purpose for which he offers the evidence. Secondly, if the court admits such evidence, it should *then and there* instruct the jury as to the limited purpose for which the evidence is being received and for which the jury may consider it. Thirdly, the general charge should contain a renewal of the instruction on the limited purpose of such evidence. Lastly, the offer of the prosecutor and the instructions of the court should be in carefully couched terms: they should refer to 'other transactions,' 'other acts,' or 'other conduct,' and should eschew such designations as 'similar offenses,' 'other offenses,' 'similar crimes,' and so forth."

[2] Evidence of prior acts is never admissible to show the propensity of the accused to commit crimes. *Stull, supra; C. McCormick, Evidence* § 190 (2d ed. 1972).

As noted above, the People, advised the trial court here that the evidence was offered for the purpose of proving motive, scheme, design, *modus operandi,* and intent. As such, each of these elements must be analyzed in order to determine if it is an issue in controversy in this case.

In order for two or more acts to constitute a scheme or design, they must have a nexus or relationship with each other from which a continuous scheme or common design can be discerned. *See Ihme, supra.* Factors to be considered are similarity of character and time of commission of the offenses. *See People v. Simms,* 185 Colo. 214, 523 P.2d 463 (1974). The acts much be such that they are naturally to be explained as to the individual manifestations of one general plan. *Havelock v. United States,* 427 F.2d 987, *cert. denied.* 400 U.S. 946, 91 S.Ct. 252, 27 L.Ed.2d 251 (10th Cir. 1970). The acts here do not meet this standard. Fourteen months elapsed between the transactions, and there was neither continuity nor connection between the events. This disparity between the acts indicates that they were not part of a scheme or design. Therefore, such was not a valid purpose for which the evidence could be offered.

Motive or intent is an issue in controversy in this case, as indicated by the plain language of the statute. However, a review of the facts indicates that the prior act is not necessary to establish the would-be kidnapper's intent in the offense here. The motive or intent which is at issue is the intent to kidnap; *i.e.,* the intent to transport a person from one place to another against his will. In both the prior act and the present offense, the actor's intent must be inferred from the commission of the act itself. Because the attempt was thwarted at approximately the same point in each transaction, the prior act indicates no aspect of intent that cannot be discerned from the act in the instant case. Evidence of the prior act is thus unnecessary to show the intent or motive of the defendant here. As such, there is no valid purpose for the admission of the evidence to prove motive or intent. *Huerta, supra; Tucker v. State,* 82 Nev. 127, 412 P.2d 970 (1966)

The establishment of a *modus operandi* requires that the methods used in the commission of the two acts must be both similar to each other and dissimilar to the methods generally used in such offenses. *People v. Haston,* 70 Cal. Rptr. 419, 444 P.2d 91 (1968); *McCormick, supra,* § 190. The crux of a *modus operandi* is that it identifies one person as the perpetrator of various offenses. As such, there must be a distinctive factor in the methods used. *Haston, supra.* This determination rests upon a review of the facts of the particular case. The only distinctive aspect of the conduct of the acts in this case was that the would-be kidnapper first asked directions of the victim and soon thereafter returned to attempt the crime. The factor alone is insufficient to constitute a *modus operandi. Haston, supra; McCormick, supra,* § 190.

There was considerable discussion, both at the trial and on appeal, concerning the relevance of the prior offense to identity. Identity, of course, is an element of this offense and was clearly in controversy in this case.[3]

■ Nevertheless, the People failed to specify identity as one of the purposes for which the evidence was offered, and the trial court, at the time the evidence was admitted, did not instruct the jury to consider it for that purpose.[4] Accordingly, the procedures of *Stull, supra,* were not followed with respect to the issue of identity, and the admission of the evidence cannot be upheld on that basis.

The evidence of the prior act, not serving a valid purpose as to any issue for which it was offered, should not have been considered by the jury. The admission into evidence of the prior act was erroneous and mandates our reversal of the defendant's conviction.

## II.

■ As to the defendant's second contention that section 13-90-101, C.R.S. 1973, is unconstitutional, we upheld the constitutionality of that provision in *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978). Because the defendant has presented no persuasive authority which mandates a reconsideration of our reasoning in that case, we reaffirm the holding of *Henry.*

The judgment of the district court is reversed, and this cause is remanded for a new trial.

MR. JUSTICE ERICKSON does not participate.

---

[3] Defense counsel attacked the strength of the identifications by both the victim and the prosecution's witness at trial. The jury was apprised of the victim's inability to select the defendant's picture from a photographic lineup. In addition, a defense witness testified that the prosecution witness did not recognize the defendant when he saw him shortly after this incident.

[4] In its general instructions of law to the jury at the conclusion of the case, the trial court did mention identity as a purpose for which the jury could consider the evidence of the prior act. Of course, that is but one of the procedural protections set forth in *Stull.*