PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Vincent H. BROWN,
Defendant-Appellant.

No. 81SA102.

Supreme Court of Colorado,
En Banc.

Aug. 31, 1981.
Rehearing Denied Sept. 21, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Suzanne Saunders, Deputy State Public Defender, Denver, for defendant-appellant.

ERICKSON, Justice.

The defendant, Vincent Brown, was charged with second-degree burglary and first-degree sexual assault. Sections 18–4–203 and 18–3–402, C.R.S.1973 (1978 Repl.

Vol. 8).[1]  He was convicted by a jury of first-degree sexual assault and acquitted on the burglary charge.  He was sentenced to a prison term of seven to eight years.  On appeal, the defendant asserts: (1) that the marital sexual assault exception of section 18–3–409, C.R.S.1973 (1978 Repl. Vol. 8) (hereinafter marital exception statute), creates an arbitrary and irrational distinction between persons committing identical acts, and thus violates due process and equal protection of the law, *U.S.Const.*, amend. XIV;  *Colo.Const.*, Art. II, Sec. 25;  and (2) that the trial court erred in giving an instruction to the jury which limited the relevancy of evidence of voluntary intoxication.  We affirm.

The facts are largely undisputed.  In the early morning hours of December 22, 1978, the defendant entered the victim's apartment and rummaged through her personal belongings.  When the victim awoke, the defendant threatened her with a knife and tried to force her to drink some vodka.  The defendant then smoked a marijuana cigarette.  Later, the defendant sexually assaulted the victim and then passed out on her living room couch.  Evidence presented at trial indicated that the defendant ingested L.S.D. on each of the two days preceding the incident and had consumed at least one and one-half pints of vodka and twelve amphetamine capsules during the day of the incident.  The jury was instructed, over defense objection, that evidence of self-induced intoxication could be considered only for the purpose of negating specific intent (the *mens rea* requirement for second-degree burglary), but not with regard to the question of whether the defendant acted "knowingly" (the *mens rea* requirement for first-degree sexual assault).

**I.**

The marital exception statute, section 18–3–409 C.R.S.1973, provides that a statutory, putative, or common law spouse cannot be prosecuted for criminal sexual assault against his spouse:

"(1) The criminal sexual assault offenses of this part 4 shall not apply to acts between persons who are married, either statutorily, putatively, or by common law.

"(2) The criminal sexual assault offenses of this part 4 shall apply to spouses living apart, with the intent to live apart, whether or not under a decree of judicial separation."

The defendant asserts that the marital exception statute creates an arbitrary and irrational distinction between persons committing identical sexual assaults, and thus violates due process and equal protection of the law.  *U.S.Const.*, amend. XIV.;  *Colo. Const.*, Art. II, Sec. 25.

▮▮▮  As a threshold matter, we conclude that the defendant lacks standing to challenge the constitutionality of the first-degree sexual assault statute, section 18–3–402, and the marital exception to the sexual assault statute.  A litigant has standing to attack the constitutionality of a statute only in those cases where he is affected by the alleged constitutional defect.  *DiLeo v. Board of Regents*, 196 Colo. 216, 590 P.2d 486 (1978);  *People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978).  *Cf., Parrack v. Town of Estes Park*, Colo., 628 P.2d 1014 (1981) (in First Amendment cases, traditional standing rules are broadened to ensure that a statute does not create an impermissible chill on constitutionally protected speech or assembly).  In this case, the defendant is not affected by any alleged constitutional defect in the marital exception statute be-

1.  Section 18–4–203(1) provides:

"(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property."

Sections 18–3–402(1)(a) and (b) provide:

"(a) The actor causes submission of the victim through the actual application of physical force or physical violence;  or

"(b) The actor causes submission of the victim by threat of imminent death, serious bodily injury, extreme pain, or kidnapping, to be inflicted on anyone, and the victim believes that the actor has the present ability to execute these threats."

cause the first-degree sexual assault statute and the marital exception statute are severable. Section 2–4–204, C.R.S.1973 (1978 Repl. Vol. 1B) provides:

"If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid, unless it appears to the court that the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court determines that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent."

The question is primarily one of legislative intent. We conclude that the General Assembly, if faced with the choice of enacting the first-degree sexual assault statute, section 18–3–402, C.R.S.1973, without a marital exception, or not enacting a first-degree sexual assault statute at all, would elect to enact a statute which penalizes sexual assault. Moreover, invalidation of the marital exception statute would not make the first-degree sexual assault statute incomplete and thus incapable of being executed in accordance with the legislative intent. *See White v. District Court*, 180 Colo. 147, 503 P.2d 340 (1972); *People v. Vinnola*, 177 Colo. 405, 494 P.2d 826 (1972).

Notwithstanding our conclusion that the defendant lacks standing to attack the constitutionality of the first-degree sexual assault and marital exception statutes, we address the merits of his constitutional claim. Considerations of judicial efficiency and economy warrant this action.

■ The burden of demonstrating that a statute is unconstitutional rests upon the party who asserts the constitutional infirmity. *Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979). A legislative classification under the criminal law must be based on substantial differences having a reasonable relationship to the persons involved and the public purpose

to be achieved. *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). Where, as in this case, the legislation does not involve an intrinsically suspect classification or a fundamental right, the test is whether the classification is founded on a rational basis. *People v. Benjamin*, 197 Colo. 188, 591 P.2d 89 (1979). Consequently, the defendant's burden is not to persuade this Court that the marital sexual assault exception is unwise, but that it is totally lacking in reason. This he has failed to do.

■ The following considerations support the enactment of section 18–3–409: First, the marital exception may remove a substantial obstacle to the resumption of normal marital relations. *See* Comment, *Rape and Battery Between Husband and Wife*, 6 Stan.L.Rev. 719, 724 (1954). The legitimate state interest in encouraging the preservation of family relationships supports the distinction between assailants who are married to and living with their victims from those who are not.

Second, the marital exception averts difficult emotional issues and problems of proof inherent in this sensitive area. *Id.* at 724. Otherwise juries would be expected to fathom the intimate sexual feelings, frustrations, habits, and understandings unique to particular marital relationships.

In light of these considerations, we conclude that the marital exception in section 18–3–409 is neither arbitrary nor irrational.

## II.

The defendant contends that the trial court erred in instructing the jury that evidence of voluntary intoxication could be considered only for the purpose of negating the specific intent element of second-degree burglary, but not with regard to whether the defendant acted "knowingly," the *mens rea* requirement of the first-degree sexual assault statute.

■ Section 18–1–804, C.R.S.1973 (1978 Repl. Vol. 8) provides that evidence of intoxication is relevant to negative the *mens rea* element of specific intent crimes only. First-degree sexual assault, which contains

the culpable mental state of "knowingly," is a general intent crime. Section 18–1–501, C.R.S.1973 (1978 Repl. Vol. 8). No good purpose would be served by reviewing the defendant's argument which is fully answered in *People v. DelGuidice*, Colo., 606 P.2d 840 (1979).

The judgment is affirmed.