The PEOPLE of the State of
Colorado, Petitioner,

v.

William T. CASPER, Respondent.

No. 80SC297.

Supreme Court of Colorado.

Jan. 25, 1982.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., Robert C. Lehnert,
Asst. Atty. Gen., Denver, for petitioner.

J. Gregory Walta, Colorado State Public
Defender, Shelley Gilman, Deputy State
Public Defender, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the court
of appeals' decision in *People v. Casper*,
Colo.App., 620 P.2d 48 (1980), and in partic-
ular, their holding that evidence of a prior
criminal episode cannot be admitted unless
"the doing of an act has, as part of its
consummation, the doing of the other act."
We believe that this holding is inconsistent
with prior decisions of this court. We re-
verse the judgment of the court of appeals.

At 6:50 p. m. on December 14, 1977, a
Dependable Cleaners shop was robbed. The
robbery was committed by a man described
as heavy set, having light brown hair with a
reddish tint, and wearing a tan overcoat
and wool cap. Upon entering the store, the
armed robber ordered one of the employees
to turn over all the cash in the register. As
the register's contents were being handed
to him, the robber demanded that the
checks be separated out. The robber then
fled, leaving the checks behind.

Defendant Casper was subsequently arrested and charged with aggravated robbery of this shop. At trial, the prosecution sought to introduce evidence of a previous robbery conviction. Presumably, such evidence would link the defendant to the robbery in question. After an *in camera* hearing, and over the defendant's objection, the trial court admitted the challenged testimony which revealed the following: At 6:50 p. m. on December 6, 1977, the defendant, described as wearing a tan trenchcoat and reddish brown wig, held up a Dependable Cleaners shop at a different location. As here, upon receiving the contents of the cash register, he demanded that the checks be separated out.

The defendant appealed his conviction asserting that the trial court erred in admitting testimony regarding his earlier robbery conviction. Finding *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979) dispositive of the issue, the court of appeals reversed the lower court's evidentiary ruling and remanded for a new trial.

■ The court of appeals interpreted our decision in *Honey* to hold that evidence of a prior criminal episode can be admitted for establishing a common scheme, plan or design only when the act sought to be introduced is part of the same criminal episode. This is a misinterpretation of our holding in that case. In *Honey*, we held that in circumstances such as these, the prior criminal episode need not be part of one ongoing transaction. However, for evidence of prior criminal acts to be admissible, the trial court must answer affirmatively three substantive questions: (1) is there a valid purpose for which the evidence is offered; (2) is the evidence relevant to a material issue in the case; and (3) considering the other evidence relevant to the issue, does the probative value of the prior criminal act evidence outweigh the potential prejudice to the defendant. *People v. Honey, supra.* Moreover, the procedural guidelines of *Stull*

*v. People*, 140 Colo. 278, 344 P.2d 455 (1959) must be followed. Conformance with these procedures is not at issue here.

■ The trial court's decision in this case predated our ruling in *Honey*; nonetheless, we find the trial court's ruling satisfies these substantive requirements.

■ *First*, the valid purpose requirement was met here since the challenged evidence was introduced to establish identification. The valid purpose requirement is satisfied if the evidence is offered for proving a material issue; identification was a material issue here and thus this requirement was met.

■ *Second*, the evidence here is relevant to a material issue since the defendant raised misidentification as a defense. Common scheme, plan, or design evidence is relevant to the negation of defendant's misidentification claim and to the establishment of his criminal culpability, thus satisfying this requirement. *See People v. Taggart*, Colo., 621 P.2d 1375 (1980).[1]

*Third*, after balancing, we find that the evidence's potentially prejudicial impact does not outweigh its probative value. Under these circumstances, the prior criminal act was sufficiently similar in character and close in time to have probative value for establishing the defendant's involvement in the offense and for negating his claim of misidentification. The probative value outweighs any potentially prejudicial impact.

Accordingly, we find that the trial court properly followed the procedural and substantive requirements governing the admissibility of prior criminal act evidence under the common scheme, plan, and design exceptions.

The judgment of the court of appeals is accordingly reversed.

ROVIRA, J., does not participate.

---

1. We acknowledge that the court of appeals was correct in holding that the defendant's prior criminal act was irrelevant and thus inadmissible under the intent exception. *See People v. Honey, supra.* However, since defendant's prior criminal act is admissible under the common plan, scheme and design exceptions, this point need not be pursued any further.