The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Dennis FLOWERS, Defendant-Appellant.

No. 79SA321.

Supreme Court of Colorado,
En Banc.

April 5, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Feuer, Flossic & Rich, Philip A. Cherner, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant Dennis Flowers appeals his conviction in the Denver district court of first-degree sexual assault under section 18–3–402, C.R.S. 1973 (1978 Repl.Vol. 8), second-degree burglary under section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8), and crime of violence under section 16–11–309, C.R.S.1973 (1981 Supp.).[1] The defendant argues that the marital exception to the sexual assault statute renders the statute unconstitutional, that the district court erred in refusing to admit at his request identification evidence from other sexual assaults, and that he should have been sentenced under the first version of House Bill 1589, the determinate sentencing law.[2] We disagree and affirm the defendant's judgment of conviction and sentence.

Shortly after 10:30 p. m. on February 10, 1978, a man broke a window at the rear of a duplex on Capitol Hill, climbed the stairs to the victim's second-floor bedroom, threatened her with a knife, forced her to perform fellatio on him, and raped her. Before he left, he tied the victim's hands behind her back. Meanwhile, unknown to him, the victim's roommate heard screams, saw the victim struggling with her assailant, and ran next door where she called the police. Two police officers arrived as the man came down the front steps of the duplex. One of the officers chased but did not catch him.

The victim described the physical characteristics of her assailant but, because he was wearing a dark blue hooded sweatshirt pulled over part of his face, was unable to describe facial features. In response to a police radio description of the assailant, between 20 and 30 officers cordoned off an area four or five blocks from the scene of the crime. When apprehended after a chase within the cordoned-off block, the defendant was wearing only a short-sleeved light shirt. The police did not find a dark blue hooded sweatshirt.

Several officers returned the defendant to the duplex where the victim, one of her neighbors who had seen the assailant leave the victim's house, and the two police officers who had first arrived at the scene identified the defendant as the assailant. Neither the victim nor her neighbor could identify the defendant later from pictures, and the only physical evidence linking the defendant to the scene of the crime was a footprint from his shoe found on a board placed on a barrel underneath the broken kitchen window through which the assailant entered the duplex. The defendant testified that he had been waiting outside a friend's house for the friend to return and he ran when he saw the police because he had a small amount of marijuana in his possession. The jury found him guilty as charged.

I.

The defendant contends that the marital exception to the first-degree sexual assault statute, section 18–3–409, C.R.S. 1973 (1978 Repl.Vol. 8), denies him equal

---

1. This case was transferred here from the Court of Appeals under sections 13–4–110(1)(a) and 13–4–102(1)(b), C.R.S. 1973, because the defendant challenged the constitutionality of the marital exception to the sexual assault statute. *See* section 18–3–409, C.R.S. 1973 (1978 Repl.Vol. 8) and section 18–3–402, C.R.S. 1973 (1978 Repl.Vol. 8).

2. Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867.

protection and due process because it is only available to a man who is living with and the husband of the victim.[3] The defendant's constitutional challenge to the sexual assault marital exception is controlled by our decision in *People v. Brown*, Colo., 632 P.2d 1025 (1981). There, where the issue also was raised by a defendant who was not the husband of the victim of a sex assault, we held that section 18-3-409 does not create an arbitrary and irrational distinction between persons committing identical acts which violates due process and equal protection of the law under *U.S.Const.*, amendment XIV and *Colo.Const.*, Art. II, Sec. 25. The issue before us is identical to the issue in *Brown*, and we adhere to our decision in *Brown*.

## II.

The defendant asserts that the district court erred in refusing to admit evidence that nine victims of other sexual assaults in the Capitol Hill area could not identify him as their assailant and physical evidence that excluded him as the assailant in one of the cases. He argues that this evidence tends to prove that another person committed the other assaults, and therefore is relevant to establish that the witnesses in this case misidentified him.

■ Clearly, a defendant may prove his innocence by establishing the guilt of another. Evidence which merely casts suspicion on an unidentified person, however, need not be admitted. *People v. Mulligan*, 193 Colo. 509, 568 P.2d 449 (1977). Here, the defendant did not identify another individual as the assailant.

■ Generally, evidence of criminal activity other than that for which a defendant is on trial is inadmissible because it may induce a jury to find the defendant guilty on the basis of activities independent of the offense for which he is on trial. *See Stull*

*v. People*, 140 Colo. 278, 344 P.2d 455 (1959). Subject to proper procedural protections, *Stull v. People, supra*, evidence offered by the prosecution to prove other similar acts or transactions by a defendant may be admissible to show common plan, scheme, design, identity, modus operandi, motive, guilty knowledge or intent. Section 16-10-301, C.R.S. 1973 (1978 Repl.Vol. 8). The evidence must be offered for a valid purpose and be relevant to a material issue in the case and the probative value must outweigh prejudice to the defendant. *People v. Casper*, Colo., 641 P.2d 274 (1982); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979).

After the district court excluded the similar offense evidence in this case, the Court of Appeals decided *People v. Bueno*, Colo. App., 626 P.2d 1167 (1981). In *Bueno*, the Court of Appeals held that a different standard applied to the admissibility of such evidence when the *defendant* seeks to introduce it.

The defendant in *Bueno* was on trial for aggravated robbery of a service station in northwest Denver on October 30, 1977. Eyewitnesses described the robber as an unshaven Spanish-American male, about 30 years old, 5'6" to 5'7" in height, missing two front lower teeth. The weapon used was a single-barrel sawed-off shotgun. Eyewitnesses to a grocery store robbery in the same area the next day described the robber as an unshaven Spanish-American male, about 30 years old, about 5'8" tall, missing two lower teeth. The weapon used in the grocery robbery also was a single-barrel, sawed-off shotgun. The defendant argued that the same person probably committed both robberies. He sought to introduce testimony that an eyewitness to the second robbery, who had viewed him in a line-up, excluded him as the grocery store robber. Therefore, he contended, it was less probable that he committed the service

---

**3.** Section 18-3-409 provides:

"(1) The criminal sexual assault offenses of this part 4 [unlawful sexual behavior] shall not apply to acts between persons who are married, either statutorily, putatively, or by common law.

(2) The criminal sexual assault offenses of this part 4 shall apply to spouses living apart, with the intent to live apart, whether or not under a decree of judicial separation."

station robbery. The trial court ruled that the eyewitness testimony was inadmissible absent a positive identification of the person who committed the second robbery.

The Court of Appeals reversed the trial court and ruled that the eyewitness testimony should have been admitted. In justifying a different standard for admissibility of similar offense evidence sought to be introduced for defensive purposes, the court said:

> When a defendant offers such evidence for defensive reasons, the concerns which gave rise initially to the exclusionary rule are no longer relevant. In offering this evidence, the defendant has chosen to assume the risk of any jury prejudice it might engender in return for whatever exculpatory value it may have. Consequently, the safeguards set forth in *Stull* and *Honey* are inapplicable when the defendant is the proponent of similar transaction evidence, and a more lenient standard of admissibility can be applied.

626 P.2d 1169. *See State v. Garfole*, 76 N.J. 445, 388 A.2d 587 (1978).

■ The Court of Appeals concluded that, rather than being limited to the specific purposes enumerated in section 16–10–301, admissibility of defensive similar offense evidence must be decided on a case-by-case basis, according to general relevancy considerations, and:

> [i]f all the similar acts and circumstances, taken together, may support a finding that the same person was probably involved in both transactions, then evidence that the defendant did not commit the second transaction is relevant and admissible.

626 P.2d at 1170. Applying this test, the Court of Appeals determined that the eyewitness testimony was relevant because it went to the identity of the robber, the only question of fact in the case, and that the defendant's inability to positively identify a person as the robber of the grocery store

and the question whether the eyewitness excluded the defendant in the line-up or merely failed to identify him affected the weight rather than the admissibility of the eyewitness testimony.

We agree with the Court of Appeals' formulation of the test for admissibility of similar offense evidence introduced by the defendant, and we now adopt it. As the Court of Appeals noted, the trial court must decide admissibility on a case-by-case basis. We conclude that the district court's decision to exclude the defendant's evidence in the case before us was proper.

■ The defendant sought to introduce, through the testimony of a Denver police department detective, evidence concerning nine other sexual assaults in the Capitol Hill area between October 26, 1977, and February 6, 1978. The cases involved entry into a residence through a back window, threats of use of a knife or a similar weapon, tying of the victim's hands, sexual assault including fellatio, and the theft of money or credit cards. Each of the victims described her assailant as Caucasian with a build and of an age similar to the defendant's. The defendant wanted to offer the detective's testimony that each of the victims was unable to identify the defendant as her assailant from a line-up. In addition, the defendant wished to call a forensic serologist to testify that seminal fluid recovered from the scene of one of the sexual assaults excluded the defendant as the assailant in that case.

The People opposed the defendant's offered testimony on the grounds that the other nine crimes were dissimilar, that the defendant had not been charged with any of them, and that by allowing testimony that the victims in the other sexual assaults had not been able to identify the defendant, the prosecution's rebuttal evidence would turn the trial of the case into a trial of the other nine cases.[4]

4. Specifically, the People pointed out that in the case where the seminal fluid excluded the defendant as the assailant, the assailant wore a pillow case with the eyes cut out and said when he left that he would call the police, both distinctive features not present in this case. Another case involved a seminal stain consistent with identification of the defendant.

The district court ruled the evidence inadmissible on the grounds that the details of the other crimes were not distinctive or unusual enough to represent the "signature" of a single individual, but were features common to most sexual assaults and merely would demonstrate that there was more than one person committing sexual assaults in the area. We agree that the district court properly excluded the evidence. The similar acts and circumstances, taken together, do not support a finding that the same person probably was involved in all the cases, and therefore, the threshold standard for relevancy of such evidence was not met.

■ Even if the evidence were relevant under the *Bueno* standard, a trial court may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." C.R.E. 403. *See People v. Bueno, supra.* Although the trial court did not reach the question of potential confusion or undue delay caused by the introduction of testimony concerning witness identifications in nine other sexual assault cases, we agree with the prosecution that such testimony would tend to confuse the issues in the single case before the jury and unduly delay the trial.

### III.

■ Finally, the defendant, who was sentenced on May 5, 1979 to a term of 30 to 35 years for the first-degree sexual assault and 15 to 20 years for aggravated burglary,[5] argues that he was entitled to be sentenced under the first version of House Bill 1589, which he contends went into effect on April 1, 1979. Under the first House Bill 1589, the maximum penalties for the defendant's offenses were 7½ years for the sexual as-

sault and 4½ years for burglary. In *Tacorante v. People*, Colo., 624 P.2d 1324 (1981) we held that the effective date of H.B. 1589 was postponed on March 29, 1979 to July 1, 1979.[6] *Accord People v. Macias*, Colo., 631 P.2d 584 (1981); *People v. Jones*, Colo., 627 P.2d 254 (1981). Therefore, the district court correctly sentenced the defendant under sections 16–11–304, C.R.S. 1973 (1978 Repl.Vol. 8) and 16–11–309, C.R.S. 1973 (1981 Supp.), the sentencing provisions in effect at that time.

Judgment of conviction and sentence affirmed.

---

5. On September 17, 1979, the district court granted the defendant's motion to reconsider sentence and reduced his sentence for first-degree sexual assault to 20 to 24 years and for aggravated robbery to 12 to 16 years.

6. The presumptive sentencing scheme is presently codified at section 18–1–105, C.R.S. 1973 (1981 Supp.).