The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**William P. MOORE,**
Defendant-Appellant.

No. 82CA1067.

Colorado Court of Appeals, Div. I.

Oct. 11, 1984.

Rehearing Denied Nov. 8, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Gerald E. Piper, Deputy State Public Defenders, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, the defendant, William P. Moore, was convicted of attempted aggravated robbery, conspiracy to commit aggravated robbery, and felony menacing. Moore appeals, alleging that the admission of a hearsay statement of a co-defendant who was unavailable as a witness violated his right of confrontation, and that the trial court erred by improperly admitting evidence of a "similar transaction." We affirm.

In March 1982, Frank Sandoval and Charles Dickerson, attempted the armed robbery of a bank, in the course of which Sandoval was shot by a police officer. Three days later, while in police custody, Sandoval gave an inculpatory statement to the police which also implicated Moore and another person, one Taylor. Although it is undisputed that Moore drove Sandoval to the bank, he and Taylor maintained they were unaware of the planned robbery and had not aided in planning and executing the attempt. Sandoval's statement is the only direct evidence which contradicts Moore's position.

Sandoval refused to testify at trial, despite the grant of transactional immunity and the issuance of a court order compelling him to testify. The prosecution then sought to introduce Sandoval's statement through the police officer who had recorded the statement. Over defendant's objection, the trial court admitted the statement, ruling that Sandoval was unavailable as a witness under CRE 804(a)(2), and the statement was admissible as a "statement against interest" under CRE 804(b)(3).

I.

Moore contends that the admission of Sandoval's statement violated his constitutional right of confrontation. We disagree.

The confrontation right and hearsay rules stem from the same roots and are designed to protect similar interests, *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *People v. Dement*, 661 P.2d 675 (Colo.1983), but evidence admissible under a hearsay exception is not necessarily sufficient to satisfy the right of confrontation. Therefore, both the United States and Colorado Supreme Courts apply a two-part test on a case-by-case basis when admission of hearsay evidence is challenged on constitutional grounds. *Ohio v. Roberts, supra; People v. Dement, supra.*

The first step is to determine whether the hearsay declarant was unavailable. Moore concedes that Sandoval was unavailable.

The second step is to determine whether the hearsay evidence bears sufficient indicia of reliability to ensure accuracy in the fact finding process; such reliability may

be inferred if the evidence falls within a firmly rooted hearsay exception.

■ Here, the statement falls within the "statement against penal interest" exception to the hearsay rule set out in CRE 804(b)(3) which allows evidence to be admitted as a statement against interest when the declarant is unavailable, the statement tends to subject the declarant to criminal liability, and a reasonable person in declarant's position would not have made the statement unless he believed it to be true. Sandoval's statement did tend to subject him to criminal liability, because it would have been probative in a trial against him. *United States v. Garris*, 616 F.2d 626 (2d Cir.1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980).

■ However, since Sandoval's statement inculpates one besides the declarant, *i.e.*, Moore, to be admissible the People must show by a preponderance of the evidence that the attendant circumstances confirm the trustworthiness of the statement. *United States v. Katsougrakis*, 715 F.2d 769 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984). Here, because the circumstances indicate no reason to believe that Sandoval thought he would be helping himself by inculpating others, and the statement clearly inculpates him and could have been used against him at trial, we conclude the requisite trustworthiness of the statement was shown. *See United States v. Garris, supra.*

■ Moore, however, argues that although the statement ostensibly inculpates Sandoval, it lacks sufficient reliability because Sandoval was in custody when the statement was given. In support of this contention, Moore cites several federal cases construing Fed.R.Evid. 804(b)(3), holding custodial statements inadmissible because they were unreliable. *See, e.g., Olson v. Green*, 668 F.2d 421 (8th Cir. 1982), *cert. denied*, 456 U.S. 1009, 102 S.Ct. 2303, 73 L.Ed.2d 1305 (1982). However, whether the declarant was in police custody when the statement was given is but one

factor to be considered in determining whether the attendant circumstances confirm the statement's trustworthiness. *See United States v. Katsougrakis, supra; Rice v. Marshall*, 709 F.2d 1100 (6th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).

In addition to the reasonable person test of CRE 804(b)(3), the circumstances surrounding the making of the statement do confirm its trustworthiness and reliability: the statement was based on the first hand knowledge of the declarant; it was made only three days after the incident; it was made after Sandoval had been advised of his *Miranda* rights; it was based on Sandoval's narrative, rather than in response to questions by an interrogator; it was typed, and then Sandoval corrected and signed it; inasmuch as Sandoval pleaded guilty to attempted aggravated robbery and was sentenced to eight years imprisonment plus one year parole, there were no apparent reasons or incentives to falsify or curry favor. These circumstances were sufficient for the trial court to find that the statement was reliable and trustworthy and thus admissible. Therefore, we conclude its admission into evidence did not violate defendant's right of confrontation.

## II.

Defendant also contends that the trial court improperly admitted evidence of a "similar transaction." We disagree.

Moore testified that he had had little previous involvement with co-defendants Sandoval and Dickerson, and that he had had no knowledge of, or intent to participate in, the attempted bank robbery. On cross-examination he specifically denied that he had ever lent his car to either Sandoval or Dickerson. In rebuttal, the prosecution called two witnesses who testified that Sandoval and Dickerson resembled two men who had held up a bank about a month before the offense charged; and one saw the two men get into a car he identified as Moore's.

■ Moore argues that admitting the rebuttal testimony was error because it was

evidence of a similar transaction, the relevance of which was not established as required by *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979), and the jury was not instructed on the limited purpose of the evidence as required by *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959). However, the prosecution introduced and used the evidence only to rebut Moore's specific denial of lending his car, not as evidence tending to prove an element of the offense charged, or to show a propensity toward criminal conduct. Thus, the procedural requirements of *Honey* and *Stull* are not applicable.

Although it would have been preferable for the trial court to have instructed the jury that the rebuttal evidence should be considered only as it related to Moore's credibility and not as evidence of any past crime or tendency toward criminal acts, the defendant did not request such instruction. *See* CRE 105. And, the failure to so instruct is not reversible error.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.