**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Dale Eugene CAMPBELL, Defendant-Appellant.**

**No. 83CA1441.**

Colorado Court of Appeals, Div. I.

Aug. 1, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant,` Dale Eugene Campbell, appeals from the judgment of conviction entered on a jury verdict finding him guilty of theft of funds in excess of $10,000. We affirm.

The defendant was self-employed as a financial planner in Colorado Springs. In late 1981, the defendant was approached by Payton Williams and Donald Ummel who solicited the defendant for assistance in obtaining a $2 million loan to finance a local real estate syndication. Ummel, in order to secure financing from a St. Louis institutional lender suggested by the defendant, gave the defendant $167,000 to be used to "buy down" any points charged by the lender. By the spring of 1982, the defendant had neither obtained the loan nor returned the money. This theft prosecution followed.

## I.

On appeal, the defendant first argues the trial court erred in admitting evidence of another real estate finance transaction in 1981 involving the defendant and one Thomas Brunette. The defendant asserts this transaction was not criminal in nature, and introduction of it should have been refused pursuant to CRE 404 and the case law construing the use of similar transaction evidence.

Brunette testified he contacted the defendant in November of 1981 in order to obtain financing, and the defendant agreed to approach a lender in St. Louis if Brunette deposited point money with the defendant. Brunette subsequently gave the defendant $45,000. The defendant did not obtain the loan and returned $35,000 to Brunette together with the defendant's promissory note for the additional $10,000.

Contrary to the defendant's contention, CRE 404(b) is not limited in application only to evidence of other crimes. The language of the rule permits evidence of other wrongs or acts, provided the evidence is offered for the proof of a material issue framed in the case, and we must, in construing the language of the rule, give sensible and full effect to each word and phrase. *See People v. Bartsch,* 37 Colo. App. 52, 543 P.2d 1273 (1975).

CRE 404(b) permits introduction of evidence of similar transactions provided substantive and procedural prerequisites are met. The trial court held an *in camera* hearing prior to the introduction of the Brunette transaction. In its findings the court concluded that the evidence was admissible as being probative of lack of mistake, which issue was raised by the defendant's opening statement that a mistake existed as to the permissible uses of the Williams and Ummel money. It further found that the probative value of the evidence outweighed potential prejudice to the defendant. We perceive no error in these findings and conclude the trial court properly followed the substantive requirements

for the admission of the Brunette transaction. *See People v. Casper*, 641 P.2d 274 (Colo.1982); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979).

Having ruled this evidence came within the exception set forth in CRE 404(b), the trial court prepared a cautionary instruction to be given to the jury on the limited relevance of similar transaction testimony in accordance with the guidelines of *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959). The court rejected a limiting instruction prepared by the defendant. The defendant's counsel did not approve of that instruction or of a limiting instruction to be given during the general charge to the jury. We view the court's instructions as correctly stating the law and find no error.

## II.

The defendant next attacks the propriety of evidence given by certain prosecution rebuttal witnesses who testified regarding the defendant's character and who, in some instances, also testified as to specific instances of malefaction. The defendant argues that although he testified in his own behalf, he offered no evidence of good character as a defense, and such rebuttal evidence attacking his character was thus inadmissible pursuant to CRE 608 and cases considering the rule. Even if some portions of the testimony should have been excluded, we conclude that the error, if any, was harmless. *People v. Abbott*, 690 P.2d 1263 (Colo.1984).

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.