The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frank HANSEN, Defendant-Appellant.

No. 84CA0753.

Colorado Court of Appeals,
Div. II.

Aug. 15, 1985.

Rehearing Denied Sept. 19, 1985.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Frank Hansen, appeals the judgment of conviction entered following a jury verdict finding him guilty of inducement of child prostitution and attempted sexual assault on a child. We reverse and remand for a new trial.

The prosecution's evidence showed that the Lakewood Department of Public Safety began an investigation of defendant after receiving complaints from parents that defendant had participated in obscene telephone conversations with their pre-teenage daughters.

The evidence also disclosed that the defendant's telephone number and first name, Frank, was common knowledge among the girls at the junior high school and that in each instance the calls were initiated by the girls themselves. There was no evidence that any of the girls ever participated in sexual acts with the defendant. Two of the girls involved agreed to help police tape a typical telephone conversation with defendant. During these taped conversations, defendant, a 68-year-old man, asked the two 11-year-old girls to come to his residence to "have sex" with him. Defendant encouraged the girls to come to his residence by offering them money and offering to arrange transportation from their homes to his residence.

Although the girls believed that defendant was serious in his offers, during these conversations they did not agree to engage in sexual acts with him, nor did they agree to go to his residence. After these conversations, and in order to apprehend defendant, the police had one of the girls call defendant and have him send her a cab to take her and her sister to defendant's residence. In this conversation, the girl told defendant she would engage in sex with him but no payment was discussed. Defendant was arrested as he paid the girls' cab driver. There was no physical contact between defendant and the girls, and defendant made no payment to the girls.

The defendant did not testify at the trial nor did he call any witnesses.

## I.

Defendant contends the evidence was insufficient as a matter of law to support his conviction for inducement of child prostitution. We agree.

Evidence is sufficient to support the verdict if, when the evidence is viewed in a light most favorable to the prosecution, a jury could reasonably conclude therefrom that each material element of the offense had been proved beyond a reasonable doubt. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Section 18–7–405.5, C.R.S. (1984 Cum. Supp.) defines the crime of inducement of child prostitution as follows:

"Any person who by word or action ... *induces* a child to engage in an act which is prostitution by a child, as defined in section 18–7–401(6), commits inducement of child prostitution." (emphasis supplied)

Prostitution by a child is defined by § 18–7–401(6), C.R.S. (1984 Cum.Supp.) as follows:

" 'Prostitution by a child' means a child performing or offering or agreeing to perform any act of sexual intercourse, fellatio, cunnilingus, masturbation, or anal intercourse with any person not the child's spouse in exchange for money or other thing of value."

Reading these two statutes together, as we must, we conclude that if a defendant's attempts at persuasion do not induce the child to perform, or to agree to perform, a sexual act in exchange for money or other thing of value, he is not guilty of inducement of child prostitution.

Here, the uncontradicted evidence establishes that the girls ostensibly agreed to perform a sex act *only* because the police, and not the defendant, persuaded and induced them to do so. As there was no evidence that defendant's conduct was the inducement which caused the girls to agree to perform a sex act, the guilty verdict on the charge of inducement of child prostitution cannot stand.

However, the crime of attempt to induce child prostitution requires neither that a sexual act be performed nor that an agreement to perform be made. The attempt crime is a lesser included offense encompassed within the crime here charged. *People v. Young,* 694 P.2d 841 (Colo.1985). The verdict of guilty rendered on the primary charge also constitutes, by implication, a conviction of the lesser included attempt crime. Section 18–1–408(5)(b), C.R.S. (1978 Repl. Vol. 8). *See* Crim.P. 31(c). Thus, but for the reversible evidentiary errors discussed in Parts II and III hereof, defendant's conviction encompassing an attempt to induce child prostitution, as well as his conviction of attempted sexual assault on a child, could have been affirmed and the cause remanded for resentencing. *See People v. Morris,* 190 Colo. 215, 545 P.2d 151 (1976); C.A.R. 1(d) and 35(e). Accordingly, remand for retrial on the two attempt charges is the appropriate disposition here.

## II.

Defendant also contends the trial court committed reversible error in admitting similar transaction evidence. We agree.

Over defendant's objection, the trial court allowed the prosecutor to question two other young girls who had also called and talked to defendant on the telephone. These girls only talked with defendant on the phone and did not agree to perform the requested sex acts with defendant, nor did they go to defendant's apartment.

The trial court instructed the jury that the purpose of this evidence was to show intent. Defendant argues that the similar transactions were not offered for a valid purpose and were not relevant to prove the mens rea element of either count.

For evidence of similar criminal acts to be admissible, the trial court must find: (1) there is a valid purpose for which the evidence is offered; (2) the evidence is relevant to a material issue in the case; (3) the probative value of the prior act evidence

outweighs its prejudicial effect. *People v. Casper,* 641 P.2d 274 (Colo.1982).

 If the prior act indicates no aspect of intent that cannot be discerned from the act in the crime charged, there is no valid purpose for admission of the prior act evidence to prove intent. *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979). Here, defendant's intent was not only apparent from, but also was expressly stated in, the recorded telephone conversations he had with the two eleven-year-old girls, and was undisputed. The evidence of prior phone calls to other girls was, therefore, unnecessary to establish intent. Hence, the evidence was without a valid purpose and its probative value was outweighed by its prejudicial effect. Therefore, its admission was reversible error. *See* CRE 403; *People v. Honey, supra.*

### III.

Defendant also contends the trial court erred in admitting evidence of pornography found at defendant's residence. We agree.

Defendant objected to the admission of photographs taken of six pornographic magazines found in his residence. Defendant contends that this evidence was irrelevant and highly prejudicial. The trial court admitted these exhibits for the limited purpose of proving the defendant's intent. The court reasoned that the photos were relevant to show defendant's "apparent interest" in "young ladies."

Here, defendant's intent to commit sexual assault on a child and his intent to induce a child to agree to perform an act of child prostitution were the issues under consideration. As we have previously said, this intent was manifest in the content of the recorded phone conversations and its existence did not depend upon any inference to be drawn from other facts. *See* CRE 401. Thus, the primary role of this evidence in the trial was to portray the defendant as a person of bad character. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith. CRE 404(a). It was therefore reversible error to admit the same.

The judgments of conviction are reversed and the cause is remanded for a new trial on the issues of attempted inducement of child prostitution and attempted sexual assault upon a child.

KELLY and BABCOCK, JJ., concur.