The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Vincent Joseph SPOTO, Defendant–Appellant.

No. 85CA1286.

Colorado Court of Appeals, Div. IV.

Oct. 27, 1988.

Rehearing Denied Nov. 25, 1988.

Certiorari Granted April 10, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Linda Perkins, Kathleen A. Lord, Deputy State Public Defenders, Denver, for defendant-appellant.

NEY, Judge.

The defendant, Vincent Joseph Spoto, appeals from the judgment of conviction of first degree murder for the shooting death of Roger Berg (victim). We reverse and remand.

On the night of the shooting, defendant's roommate, accompanied by defendant, went to a woman's apartment to confront her concerning her relationship with the roommate and with the victim. Upon arriving there, they found the woman and the victim sleeping in a bedroom. After a brief and heated exchange of words, both the defendant and the victim drew guns. The defendant grabbed the victim's arm, and during the ensuing struggle, the defendant shot the victim in the neck.

The prosecution offered evidence showing that several weeks before the shooting the defendant had entered a former roommate's bedroom during his investigation of a burglary and placed a gun against the roommate's head. Based on the similarities between this incident and the charged offense, the trial court concluded that the evidence was admissible to prove intent and to rebut defendant's claim of accident or mistake.

The defendant contends the trial court erred in admitting the evidence of prior misconduct. We agree.

Traditionally, the use of evidence of prior conduct has been disallowed where its only bearing in a case is to establish a person's disposition or propensity to commit certain crimes, wrongs, or acts. *See Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959); *Warford v. People*, 43 Colo. 107, 96 P. 556 (1908); *People v. Molineux*, 168 N.Y. 264, 61 N.E. 286 (1901); *U.S. v. Burr*, 25 Fed. Cases 552 (1807). Although such evidence may be relevant, it has historically been excluded because of "the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise, and undue prejudice." *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *See Stull v. People, supra.*

Despite this general prohibition, evidence of an extrinsic act is admissible if it is offered to prove a relevant issue other than the defendant's character or propensity to commit the crime. The general prohibition and its exceptions are reflected in CRE 404(b), which provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

For evidence of an extrinsic act to be admissible under CRE 404(b), the trial court must initially determine that the evidence is offered for a valid purpose. *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). Here, the valid purpose concerned defendant's intent.

However, the mere identification of a permissible purpose does not render such evidence automatically admissible. To admit evidence of prior conduct to prove intent, the court must also find that: (1) the defendant's intent is a material issue in dispute; (2) the prior conduct involved the *same intent* that the prosecution seeks to establish in the charged offense; and (3) the probative value of the evidence outweighs its prejudicial effect. *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978); *see People v. Honey, supra.*

Here, it was undisputed that the defendant entered the bedroom and shot the victim at close range. However, the defendant claimed that the shooting was accidental. Thus, the only material disputed issue of fact as to the charge of first degree murder concerned defendant's intent to kill after the exercise of reflection and judgment. *See* § 18–3–102(1)(a), C.R.S. (1986 Repl. Vol. 8B); *People v. Madson*, 638 P.2d 18 (Colo.1981).

Accordingly, the evidence of the prior conduct may here be properly introduced only if it is logically relevant to the disputed issue of intent to kill after deliberation. *See People v. Carlson*, 712 P.2d 1018 (Colo.1986) (CRE 401, 402 and 403 construed). To be logically relevant, the evidence of the prior conduct would have to suggest that the defendant *intended to kill* his former roommate *after deliberation. See People v. Carlson, supra.*

The evidence was uncontroverted that during the prior incident the defendant's gun was not loaded. There was nothing in the former roommate's testimony to suggest that the defendant intended to kill the roommate; at best, this evidence is probative only of defendant's intent to frighten the former roommate. Because the evidence of the prior incident was not probative of a disputed issue related to first degree murder or of any lesser included offense, we conclude the trial court erred in allowing the introduction of the prior act evidence.

This case is distinguishable from those cases in which a murder defendant who raises the defense of accident has previously exhibited violence against the *same* individual. In such cases, evidence of the defendant's prior conduct is admissible to prove malice toward the victim. *See People v. St. John*, 668 P.2d 988 (Colo.App. 1983); *People v. Curtis*, 657 P.2d 990 (Colo. App.1982).

There was sufficient other evidence here to submit the charge of first degree murder to the jury. However, because of the paucity of evidence of intent, we conclude that the properly admitted evidence was not so overwhelming as to render the evidentiary error harmless. *See People v. Carlson, supra.*

In view of the above, we do not address defendant's other contentions for reversal.

The judgment is reversed, and the cause is remanded for a new trial.

BABCOCK and HUME, JJ., concur.