The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Thomas P. LUPTON, Defendant-Appellant.

No. 80CA0934.

Colorado Court of Appeals, Div. I.

April 15, 1982.

Rehearing Denied May 13, 1982.

Certiorari Denied Oct. 25, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Thomas Lupton, appeals his convictions of second degree assault and criminal mischief. We affirm.

Defendant was involved in an argument at a bar with the victim and the victim's girlfriend. After the parties left the bar they went to their respective vehicles. Defendant then got out of his vehicle and went to the victim's vehicle, where he beat on the door and exchanged angry words with the victim. Thereafter, defendant allegedly threw a beer bottle through the back window inflicting serious injury on the victim. Defendant fled the scene with his friend, Walter.

An independent eyewitness established these events. The only other testimony as to who threw the beer bottle was given by defendant who claimed that Walter made the assault. Walter never appeared at trial.

I.

Defendant first contends that the trial court erred in denying defendant's motion for a continuance to locate the witness Walter. We do not agree.

■ "The granting or denying of a motion for continuance lies within the sound discretion of the trial court." *Miller v. People,* 178 Colo. 397, 497 P.2d 992 (1972). Unless the denial of a continuance was plainly erroneous, a conviction will not be overturned on appeal. *People v. Dillon,* Colo. App., 633 P.2d 504 (1981). After reviewing the totality of the circumstances as reflected by the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion for a continuance.

■ The record does not support defendant's contention that the People misled defendant into believing that it would secure Walter's presence as a witness. Defendant knew some time prior to trial that Walter was needed as a key defense witness and that both defendant and the People listed Walter as a witness. He also failed to show that he ever attempted to contact Walter with respect to appearing at trial. Furthermore, he was not prejudiced because,

though knowing he needed Walter as a witness, he did not seek a continuance until after the prosecution rested, which was three days into trial. The granting of a continuance would have been futile as defendant made no showing that he knew the exact whereabouts of Walter, nor did he show a reasonable ground to believe that Walter would be available at a later date. *See Marquez v. District Court,* Colo., 613 P.2d 1302 (1980). Under these circumstances, defendant was not justified in relying on the People to find his key witness and was not entitled to a continuance. *See Miller, supra.*

II.

Defendant next argues that the trial court erred by refusing, as hearsay, Walter's parents' testimony that Walter admitted throwing the beer bottle. He claims that the penal interest exception applies. We disagree.

Colorado Rules of Evidence 804(b)(3) states in pertinent part that a statement is excepted from the hearsay rule when:

"A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

The Colorado Committee comment to this rule notes that prior to its adoption there was no exception in criminal cases.

■ Three elements must be established to apply Rule 804(b)(3) as an exception to the operation of the hearsay rule. First, the declarant must be unavailable. Second, the statement must be such that it "so far tended to subject the declarant to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." Finally, the statement is not admissible, if

"offered to exculpate the accused ... unless corroborating circumstances clearly indicate the trustworthiness of the statement."

Walter was undoubtedly unavailable. We assume for the purposes of our discussion that the statement made by declarant was in principal against his penal interest, and thus, the admissibility of the testimony hinges on the corroborating circumstances element of the rule.

■ The Colorado rule is identical to the federal rule and we find the federal interpretation persuasive. The examination of corroborative circumstances is a matter of discretion for the trial court. *United States v. Poland,* 659 F.2d 884 (9th Cir. 1981); *United States v. Bagley,* 537 F.2d 162 (5th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977).

Various commentators have different views as to the proper role of the trial court's preliminary ruling on the admissibility of a declaration against penal interest. *Compare,* 4 *J. Weinstein, Evidence,* 804(b)(3)[03] (1981) *with* Note, *Declarations Against Penal Interest: What Must Be Corroborated Under the Newly Enacted Federal Rule of Evidence, Rule 804(b)(3),* 9 *Val.U.L.Rev.* 421 at 440 (1975). The balancing approach, however, which was used in the case before us, guards against the danger of fabrication and satisfies Congress' concern that a more stringent test of corroboration is necessary. *See United States v. Annese,* 631 F.2d 1041 (1st Cir. 1980).

■ In balancing whether sufficient corroborating circumstances exist, the examination focuses on when and to whom the statement was made, the presence or absence of corroborating evidence of the statement, the availability of the declarant to testify and, in the very real sense, whether the declarant's statement is truly against his penal interest, considering the likelihood of him being actually prosecuted. *See United States v. Satterfield,* 572 F.2d 687 (9th Cir. 1978), *cert. denied,* 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978).

Defendant contends that sufficient corroborating circumstances existed because Walter's statement was made to both par-

ents. Although the fact is relevant, it must be considered in relationship to the other circumstances presented. *Poland, supra.*

■ Defendant failed to establish that, when the statement was made, it was near the time of the crime. Spontaneity of the statement would have been persuasive but without establishing such, trustworthiness of the statement was not shown. *See Poland, supra; Satterfield, supra.* The statement was made almost risk-free from prosecution because Walter was never located. Thus, the basis of the declaration against interest exception was absent here.

Other than defendant's testimony, no other evidence corroborated the declarant's version of the incident. In fact, considerable evidence contradicted it. We therefore conclude that the trial court did not abuse its discretion when it balanced the evidence, and ruled that the corroborating circumstances did not "clearly indicate" the statement's trustworthiness.

### III.

■ Defendant next argues that the trial court erred in allowing a police officer to testify on rebuttal about his conversation with defendant concerning defendant's veracity, claiming the prosecution failed to comply with a discovery request. We do not agree.

The testimony concerned only defendant's statement that he could not tell the truth, and as such it was unrelated to the defendant's defense, and the circumstances of the crime. *People v. McKnight,* Colo., 626 P.2d 678 (1981), is dispositive of defendant's contention. The duty to disclose statements did not extend to this statement because it was unrelated to the sequence of events from which the charges pending against the accused referred.

■ Furthermore, defendant's claim that he was denied the informed decision to testify and face cross-examination, or exercise the right to remain silent is rejected because any error committed was harmless. An abundance of evidence existed to convict him beyond a reasonable doubt, thus rebutting the defense that someone else committed the crime. *McKnight, supra.*

Defendant's other contention of error is without merit.

The judgment is affirmed.

COYTE and SMITH, JJ., concur.