The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John T. SHIELDS, Defendant-Appellant.

No. 83CA0569.

Colorado Court of Appeals, Div. II.

March 21, 1985.

Rehearing Denied April 18, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lee Jay Belstock, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, John T. Shields, appeals the judgment of conviction entered upon a jury verdict finding him guilty of robbery. He contends that the trial court erred in refusing to admit into evidence a codefendant's statement against penal interest, in shortening the theory of defense instruction submitted by the defense, and in not sustaining an objection to a misstatement of the law by the prosecutor. We affirm.

It was uncontroverted that defendant (who was tried separately) and codefendant Daniel Mancini assaulted the victim and that the victim's two wallets were taken during the course of the assault. The disputed issue was whether defendant knowingly participated in taking the wallets. The jury held against defendant.

I.

Defendant testified that he was unaware Mancini had robbed the victim until after the crime had occurred. He attempted to corroborate his testimony with a hearsay statement of Mancini. In an *in camera* session, defendant and another witness testified that, three days before trial, Mancini had told defendant and the witness that he had found one of the wallets on the ground after the fight with the victim. The trial court denied defendant's attempt to introduce Mancini's hearsay statement as a declaration against penal interest. Defendant contends this was reversible error. We disagree.

CRE 804(b)(3) provides, in pertinent part, that if the declarant is unavailable as a witness, his statement is not excluded under the hearsay rule if, at the time of its making, it "so far tended to subject him to ... criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true." However, "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." *See People v. Lupton,* 652 P.2d 1080 (Colo.App.1982).

Here, while the declarant Mancini was certified as unavailable to testify, the other criteria for admissibility under CRE 804(b)(3) were not established. When Mancini allegedly stated he had "found" the wallet, he was awaiting trial on charges of robbery. The statement was not against Mancini's penal interest in that it did not tend to subject him to criminal liability. *See People v. Lupton, supra.* Rather, the

statement, if believed, would exonerate Mancini of the robbery charges.

 While Mancini's statement could lead to a charge of theft of the wallet, *see* § 18–4–401(2), C.R.S. (1978 Repl.Vol. 8), in fact it is an attempt to support a defense against a more serious charge, that of robbery. *See United States v. Evans*, 635 F.2d 1124 (4th Cir.1980), *cert. denied*, 452 U.S. 943, 101 S.Ct. 3090, 69 L.Ed.2d 958 (1981). "In reality, looked at in its totality, [Mancini's] statement is one *for* [his] penal interest, not against." *United States v. Evans, supra.*

Furthermore, other than defendant's testimony, no other evidence was admitted to support Mancini's statement of events. The trial court did not err in finding that the statement was untrustworthy and inadmissible under CRE 804(b)(3). *See People v. Harding*, 671 P.2d 975 (Colo.App.1983); *People v. Lupton, supra. Cf. People v. Moore*, 693 P.2d 388 (Colo.App.1984).

II.

We reject defendant's contentions that his conviction must be reversed because the trial court shortened the theory of defense instruction prepared by the defense, and because of a misstatement of law made by the prosecution.

The trial court submitted to the jury a lengthy and detailed theory of the case instruction prepared by the defense. However, the trial court deleted the final paragraph of the instruction. The final paragraph stated: "This is defendant's theory of the case. You must find the defendant not guilty unless you find beyond a reasonable doubt that defendant's theory of the case is not true." This paragraph was deleted because it was repetitive and duplicated earlier portions of the same instruction as well as the instruction on reasonable doubt.

 There was no error here. The deleted portion of the defendant's instruction was more clearly stated in the other instructions submitted to the jury. *See People v. Garcia*, 690 P.2d 869 (Colo.App. 1984); *People v. Shearer*, 650 P.2d 1293 (Colo.App.1982).

 Finally, while the prosecution did misstate the law of complicity, *see* § 18–1–603, C.R.S. (1978 Repl.Vol. 8), the resulting error was harmless. During closing argument the prosecution in one sentence incorrectly stated that the defendant could be found guilty if he learned of the robbery after it occurred. The defense objection was overruled. However, at that point the prosecution returned to its principal theme—that defendant knew about the robbery from the inception of its commission. Defense counsel, in turn, repeatedly told the jury of the prosecution's misstatement and informed the jury that the defendant could not be found guilty unless he planned or aided in the commission of the robbery. Furthermore, the court's instructions properly instructed the jury on all elements of complicity. Hence, the jury was adequately informed that the prosecutor's statement was incorrect, *see People v. Gutierrez*, 622 P.2d 547 (Colo.1981); *People v. Pesis*, 189 Colo. 52, 536 P.2d 824 (1975), and the error was harmless.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.