The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Dennis NYBERG, Defendant-Appellant.

No. 84CA1049.

Colorado Court of Appeals, Div. II.

Nov. 14, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stone & Associates, William Q. Hayes, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Dennis Nyberg, appeals the judgment of conviction entered against him on a jury verdict finding him guilty of first-degree criminal trespass. On appeal he argues that the trial court erred in refusing to admit into evidence an exculpatory hearsay statement made by a co-defendant and offered under CRE 804(b)(3). We affirm.

Responding to a report that prowlers had broken into a van, police officers encountered defendant and a companion walking away from the scene. Defendant was carrying several items bundled in a down jacket. His companion, identified as James Green, a friend and houseguest of defendant, was carrying tools. Green's hands were lacerated and, apparently, bleeding; blood spots were found on the interior of the van, on the stolen property, and on the tools. The police officers saw no other persons in the vicinity. The jacket and the property wrapped in it were later identified by the owner of the van.

Following their arrests, the suspects were interviewed by a police detective. Defendant denied any involvement in the break-in. Green stated that an individual named "Craig" had broken into the van and removed the stolen property while Green served as lookout. He further stated that defendant had nothing to do with the break-in.

Defendant sought to introduce Green's statement under CRE 804(b)(3) as substantive evidence. The trial court ruled that Green was not available to testify, and that the statement was against his penal interest, but nevertheless concluded that the statement was not admissible because the circumstances surrounding the offense did not sufficiently corroborate its trustworthiness. Defendant contends that the trustworthiness of the statement is sufficiently corroborated by: the presence of blood in the van, on the stolen property, and on Green's hands; Green's possession of the tools; Green's admission that he participated in the break-in; Green's flight to avoid trial; and defendant's assertions, both after his arrest and during trial, that he was not involved in the offense. We disagree.

CRE 804(b)(3) is identical to the federal rule and federal interpretation is persuasive authority of its meaning. *People v. Lupton*, 652 P.2d 1080 (Colo.App.1982). As initially submitted to Congress, the rule required only that a statement offered to exculpate the accused be corroborated. *United States v. Barrett*, 539 F.2d 244 (1st Cir.1976). In its final form the rule required that such statements be excluded "unless corroborating circumstances clearly indicate [their] trustworthiness." Fed.R. Evid. 804(b)(3); CRE 804(b)(3). This change indicates that the test is a stringent one. *See People v. Lupton, supra.* "Congress meant to preclude reception of exculpatory hearsay statements against penal interest unless accompanied by circumstances solidly indicating trustworthiness. This requirement goes beyond minimal corroboration." *United States v. Barrett, supra; United States v. Rhodes*, 713 F.2d 463 (9th Cir.1983), *cert. denied*, 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 715 (1984) (corroborating circumstances must do more than tend to indicate the trustworthiness of the statement; they must clearly indicate it).

In addressing the question of corroboration, the trial court must balance all the evidence available. *People v. Lupton, supra. See United States v. Hemmer*, 729 F.2d 10 (1st Cir.1984), *cert. denied*, — U.S. —, 104 S.Ct. 2666, 81 L.Ed.2d 371 (1984); *United States v. Annese*, 631 F.2d 1041 (1st Cir.1980). The question is one of fact, "ordinarily to be reviewed according to a clearly erroneous standard," and the decision of the trial court will not be disturbed absent an abuse of discretion. *United States v. Alvarez*, 584 F.2d 694 (5th Cir.1978); *see People v. Lupton, supra.*

The entire tenor of Green's statement, balanced with all the evidence, suggests falsification. The statement was not spontaneous but was given in response to custodial interrogation after advisement of his *Miranda* rights. Defendant and Green were friends, providing Green with a motive to falsify. Green stated that he was to meet "Craig" across the street, yet the police officers, who arrived at the scene less than one minute after hearing of the report, saw no one else in the area. Green denied breaking into or entering the van, yet blood was present inside, on his hands and on the tools he was carrying. Further, defendant was carrying the concealed property very shortly after the break-in occurred. The trial court did not abuse its discretion in excluding the evidence.

Defendant's other contentions are without merit.

Accordingly, the judgment is affirmed.

SMITH and VAN CISE, JJ., concur.