PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

James Alvey DRAKE,
Defendant–Appellee.

No. 84SA499.

Supreme Court of Colorado,
En Banc.

Nov. 20, 1989.

Norman S. Early, Jr., Dist. Atty., Jane E. Westbrook, Chief Deputy Dist. Atty., William Henry Kain, III, Sp. Prosecutor, Asst. Dist. Atty., and Martha L. Kent, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

Justice VOLLACK delivered the Opinion of the Court.

The People appeal[1] the trial court's order excluding the incriminating custodial out-of-court statements of a co-defendant in the murder trial of defendant James Alvey Drake. The trial court adopted the per se rule that incriminating out-of-court statements by co-defendants in custody are unreliable and therefore inadmissible. We disapprove of the trial court's ruling.

### I.

In 1983 the People charged defendant James Alvey Drake (James) by information with the crime of first-degree murder, § 18-3-102(1), 8B C.R.S. (1986). The information alleged that defendant James murdered Regina Renae Drake (Regina), the wife of the defendant's brother, Richard Drake (Richard). James and Richard were

---

1. The People appeal pursuant to § 16–12–102(1), 8A C.R.S. (1986). The People's appeal is governed by C.A.R. 4(b)(2), 7B C.R.S. (1984), which was amended in 1988 to require the People to file criminal appeals authorized by statute in the court of appeals. The amendment became effective on August 1, 1988, but it does not apply in this case because the People filed their notice of appeal on November 30, 1984. See C.A.R. 4(b)(2), 7B C.R.S. (1989 Supp.).

originally charged in the District Court of Mesa County. The district court severed the trial of James and Richard. After Richard's trial and conviction of first-degree murder, James moved for a change of venue on the ground that the overwhelming publicity surrounding the crime and Richard's conviction prevented James from receiving a fair trial in Mesa County. The District Court of Mesa County granted the motion and transferred the trial of James to Denver District Court.

James filed a pretrial motion for an order excluding any oral or written statements by Richard. James sought to exclude several recorded conversations between Richard and an investigator from the Mesa County District Attorney's office in which Richard stated that he arranged to have James murder Regina. Richard's statements contained details of his contract with James to have James murder Regina while Richard was at work on the morning of December 16, 1983. The Denver District Court heard argument on James's motion on September 7, 1984. At the hearing Richard invoked his fifth amendment right against self-incrimination, asserting as grounds that his own case was on appeal and his conviction was not final. James argued that Richard's recorded conversations were not admissible under Colorado Rule of Evidence 804(b)(3), which establishes an exception to the hearsay rule where

the declarant is unavailable and the statement in question is a statement against interest. James also argued that the admission of Richard's statements would violate his right under the sixth amendment to the United States Constitution to be confronted with the witnesses against him.

The district court held that the statements were inadmissible. After finding that Richard was unavailable, and that his incriminating statements were statements against interest under Colorado Rule of Evidence 804(b)(3), the court addressed the question whether admission of the statements under CRE 804(b)(3) would violate James's sixth amendment rights. The court concluded that the case law establishes a "per se rule" that out-of-court inculpatory statements made by complicitors in custody are inadmissible against criminal defendants.[2] The court granted James's motion, and Richard's statements were excluded from the trial. Following James's conviction the People appealed the trial court's order excluding Richard's statements.

## II.

Colorado Rule of Evidence 804(b)(3), which is identical to Federal Rule of Evidence 804(b)(3), provides that out-of-court statements against interest,[3] offered to

---

**2.** The hearing transcript reports that the court's ruling included the following remarks:

The approach to the hearsay rule and the confrontation clause which was articulated in *Dutton* and *Roberts,* coupled with this, is judicially [sic] reexamination of the judicial approach of *Dutton,* that complicitor hearsay exceptions were not admissible against criminal defendants, and I think we ought to narrow it even further and put in the context of this case, because we are specifically dealing with the custodial statement confessing complicity in a murder, and also identifying the actual murderer.

. . . .

... All these courts say that we will give the rule and absent of [sic] an expressed [sic] language we are supposed to balance the interest, so we are going to set right out and balance the interest, but I don't think they are really doing that. I think they are adopting a per se rule.

The reason I don't think they are balancing the interest in any of these cases dealing with

a custodial inculpatory declaration of the complicitor is because they never find on behalf of the People ever. . . .

. . . .

For all of those reasons, I think the law is this: That a custodial confession made by one joint actor, or one apparent joint actor, in a criminal episode, even if he is unavailable as a witness and even if there is corroboration as to the substance of that statement, is not admissible against the person that inculpates at a trial of a latter individual.

In other words, you haven't moved one inch from the rule that was articulated in the *People v. Bruton,* [in] spite [of] all of this activity in the law.

**3.** CRE 804(b)(3) defines a statement against interest as:

[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability,

prove the truth of the matter asserted, are not excluded by the hearsay rule [4] if the declarant is unavailable as a witness. However, a trial court risks violating a criminal defendant's rights under the confrontation clause of the sixth amendment when it admits into evidence out-of-court statements by unavailable witnesses which incriminate the defendant. The United States Supreme Court recognized this when it stated in *Bruton v. United States*, 391 U.S. 123, 136, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1967), that

> [not] only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motive to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the confrontation clause was directed.

(Footnotes omitted.) The Supreme Court held in *Bruton*, 391 U.S. at 126, 88 S.Ct. at 1622, that, despite the trial judge's cautionary instruction, the admission into evidence of a third party's extrajudicial confession which incriminated the defendant violated the defendant's sixth amendment rights under the confrontation clause.

In *Dutton v. Evans*, 400 U.S. 74, 88, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970), the Court held that the defendant's sixth amendment rights were not violated by a federal prisoner's testimony that he heard one of the defendant's accomplices make a statement in prison which appeared to blame the defendant for the murder of three police officers. The Court noted that

> or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

the "mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'" *Id.* at 89, 91 S.Ct. at 220 (quoting *California v. Green*, 399 U.S. 149, 161, 90 S.Ct. 1930, 1936, 26 L.Ed.2d 489 (1970)). The Court held that the admission of the hearsay testimony of the prisoner did not violate the defendant's rights under the confrontation clause because the testimony was supported by "indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant." *Id.*

In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court adopted a two-part test to determine whether the admission of out-of-court declarations violates a defendant's sixth amendment rights. The defendant in *Roberts* asserted that the admission into evidence of the preliminary hearing testimony of a witness who was unavailable at trial violated his rights under the confrontation clause. *Id.* at 59, 100 S.Ct. at 2535. The Court held that

> when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

*Id.* at 66, 100 S.Ct. at 2539 (footnote omitted).

4. CRE 802 provides that "[h]earsay is not admissible except as provided by these rules or by the civil and criminal procedural rules applicable to the courts of Colorado or by any statutes of the State of Colorado." "'Hearsay' is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." CRE 801(c).

The United States Supreme Court has applied the *Roberts* two-part test on a case-by-case basis and not as a per se rule.[5] In *Lee v. Illinois*, 476 U.S. 530, 539, 106 S.Ct. 2056, 2061, 90 L.Ed.2d 514 (1986), the Court held that the state's use of a co-defendant's confession against the defendant violated the defendant's confrontation clause rights because the confession did not bear sufficient independent "indicia of reliability" to overcome its presumptive unreliability.

In *People v. Dement*, 661 P.2d 675, 681 (Colo.1983), we adopted the *Roberts* two-part test of the declarant's unavailability and the existence of independent "indicia of reliability" of the declarant's statement. In *Dement*, we stated that:

> [B]ecause the [confrontation] clause reflects a "preference for face-to-face accusation," a "rule of necessity" applies, placing a burden on the prosecution either to produce the hearsay declarant for cross-examination or to demonstrate his unavailability.... However, the burden on the prosecution to produce the declarant for trial or to prove his unavailability applies only "in the usual case," and is subject to an exception when "the utility of trial confrontation [is very] remote."

*Id.* at 680–81 (quoting *Roberts*, 448 U.S. at 65, n. 7, 100 S.Ct. at 2538, n. 7). We also stated in *Dement* that:

> When the defendant is denied the opportunity to cross-examine the declarant at trial, only evidence bearing sufficient "indicia of reliability" is admissible to assure "no material departure" from the purpose underlying the confrontation right to augment accuracy in the fact-finding process. Reliability of evidence falling within a "firmly rooted" hearsay

exception resting upon "solid foundations" may be inferred.

*Id.* at 681 (citation omitted) (quoting *Roberts*, 448 U.S. at 65, 66, 100 S.Ct. at 2538, 2539).

The trial court erred by applying a per se rule excluding incriminating out-of-court custodial declarations by co-defendants. The trial court should have applied the two-part test that the Supreme Court outlined in *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539, and that we adopted in *Dement*, 661 P.2d at 680–81. After determining that Richard was unavailable to testify, *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539; *Dement*, 661 P.2d at 680, the court should have inquired whether Richard's statements contained sufficient "indicia of reliability" to overcome their presumptive unreliability. *See New Mexico v. Earnest*, 477 U.S. 648, 649–50, 106 S.Ct. 2734, 2735, 91 L.Ed.2d 539 (1986) (state is entitled to an opportunity to overcome the weighty presumption of unreliability attaching to co-defendant statements by demonstrating that the particular statement at issue bears sufficient "indicia of reliability" to satisfy confrontation clause concerns) (per curiam) (Rehnquist, Burger, Powell and O'Connor, concurring); *Lee v. Illinois*, 476 U.S. at 539, 106 S.Ct. at 2061 (applying *Roberts* two-part test to out-of-court confession by co-defendant used as substantive evidence against the defendant at trial). In this case the People possessed independent physical and circumstantial evidence which the trial court could have considered as indicia of the reliability of Richard's statements.[6]

---

5. The Court has held that in cases involving statements made by co-conspirators in the course and in furtherance of the conspiracy, the confrontation clause does not require courts to apply the *Roberts* two-part test. *Bourjaily v. United States*, 483 U.S. 171, 183–84, 107 S.Ct. 2775, 2783–84, 97 L.Ed.2d 144 (1987) (confrontation clause does not mandate inquiry into independent indicia of reliability of out-of-court declarations of co-conspirators made in the course and in furtherance of the conspiracy); *United States v. Inadi*, 475 U.S. 387, 391, 106 S.Ct. 1121, 1224, 89 L.Ed.2d 390 (1986) (confrontation clause does not require showing of

unavailability as a condition of admission of out-of-court statements made during the conspiracy by a nontestifying co-conspirator).

6. At the hearing the People sought to overcome the presumed unreliability of Richard's statements by referring to evidence that money was wired to James in Shreveport, there was no forcible entry into Regina's apartment prior to her murder, Richard's apartment keys were found on James at the time of his arrest, and Richard was at work when the murder occurred.

### III.

James Drake was convicted of being an accessory to the crime of first-degree murder, § 18–8–105, 8B C.R.S. (1986). Therefore we need not address whether Richard's statements would have been admissible had the trial court undertaken the proper inquiry. *See People v. Low,* 732 P.2d 622, 624 n. 2 (Colo.1987) (where prosecution appeals pursuant to section 16–12–102 after jeopardy has attached, our review is limited to approval or disapproval of the district court's judgment).

We disapprove of the ruling of the trial court.