**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**William Carson PACK, II,
Defendant–Appellant.**

No. 88CA1728.

Colorado Court of Appeals,
Div. II.

April 12, 1990.

Rehearing Denied May 10, 1990.

Certiorari Denied Sept. 24, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Robert M. Russel, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Bluestein, Simon & Schulman, Lawrence J. Schulman, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant appeals a judgment of conviction for aggravated robbery, conspiracy to commit robbery, and misdemeanor theft. We affirm.

Defendant and a friend, Anderson, went to a video store in a shopping center, and defendant asked a woman employee if the store was taking applications for employment and if the manager was there. The employee responded in the negative, and Anderson then went behind the counter and held a knife to her stomach. Anderson made the employee open the cash register and took the money from it.

The employee testified she did not see defendant during the robbery by Anderson, and she could not definitely testify that he was in the store during the time the robbery was being committed.

Defendant's brother testified that defendant hurriedly returned to the parked car and stated his surprise and consternation at Anderson's actions and the two of them drove off, leaving Anderson behind. Other witnesses testified that, after Anderson left the video store, he caught up with defendant, and defendant · and Anderson both got into the car and left together.

Defendant's theory of defense was that Anderson robbed the video store without his prior knowledge or participation. He maintained that he left the video store as soon as he observed the robbery and, therefore, did not participate in it.

I.

Defendant argues that the trial court erred by excluding from evidence statements he made to his father immediately upon his arrival at his father's residence after the robbery. At that time defendant allegedly told his father that Anderson had robbed the video store and that defendant became scared and ran when he saw Anderson robbing the woman in the store with a knife.

Defendant argues that since this was a statement made within a few minutes of the robbery, it should have been admitted under the excited utterance exception to the hearsay rule set out in CRE 803(2). Relying on *People v. Cunningham*, 194 Colo. 198, 570 P.2d 1086 (1977), the court found these statements to be self-serving and thus inadmissible under CRE 801(d)(2). We agree with defendant that the court erred in not determining whether this was an excited utterance under CRE 803(2), but we conclude the statement was cumulative, and therefore, the court's failure to analyze this issue under C.R.S. 803(2) does not require reversal. *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259 (1965).

In *People v. Cunningham, supra*, defendant did not argue his delayed statement to the police was admissible as an excited utterance. Also, in that case, it does not appear that the defendant's statement was close in time to the event, nor did it result from the excitement of the offense. Gen-

erally, a defendant's exculpatory hearsay statements are not admissible because, *inter alia*, they are self-serving, with no guarantees of trustworthiness and because defendant is not subject to cross-examination. *People v. Abeyta*, 728 P.2d 327 (Colo. App.1986).

The trial court essentially concluded that the general rule excluding evidence of exculpatory hearsay statements also encompassed excited utterances under CRE 803(2). We disagree with the trial court's conclusion and conclude that the excited utterance rule is applicable to criminal defendants. We note that the People have conceded this point on appeal.

We agree with the principle stated in 2 *Wharton's Criminal Evidence* § 28 (14th ed. Torcia 1986):

"A spontaneous utterance which qualifies under the res gestae rule is admissible without regard to whether its author is the *defendant*, the victim, or a bystander; and such an utterance is admissible without regard to whether it inculpates or exculpates the defendant." (emphasis added)

*Accord State v. Conn*, 137 Ariz. 152, 669 P.2d 585 (App.1982); *Towns v. State*, 449 So.2d 1273 (Ala.Crim.App.1984); *State v. Williams*, 673 S.W.2d 32 (Mo.1984); *Reado v. State*, 690 S.W.2d 15 (Tex.App.1984).

Nevertheless, because the substance of defendant's excited utterance to his father, or its equivalent, was testified to by several witnesses, we conclude the statement was cumulative and thus, even if admissible, its exclusion is harmless error.

A prosecution investigator, defendant's father, and defendant's brother all gave testimony either specifically verifying defendant's claim that he made the statement or, at least, generally supporting his contention that the robbery was committed without defendant's participation. Based on his interview of the defendant at trial, the investigator, without objection, relayed almost verbatim what defendant allegedly told his father when he arrived after the robbery. We therefore conclude that the court's error in not admitting this statement was not prejudicial. *Balltrip v. People, supra.*

## II.

Defendant next argues that the trial court erred in barring testimony of defendant's father's statements of prior similar transactions by co-defendant Anderson. We disagree.

The trial court heard the People's motion in limine to preclude the introduction of statements allegedly made by co-defendant Anderson to defendant's father and a mutual acquaintance. Defendant intended to call his father to testify that a few days prior to the robbery here, while his father was with Anderson, Anderson suddenly stated he was going to rob a small commercial establishment. Defendant's father told Anderson he was not going to become involved in a robbery and started to drive the car away. Anderson then decided to leave without committing the robbery.

Defendant's father would have also testified that he overheard a conversation between Anderson and an acquaintance in which Anderson described another robbery that he had committed while the acquaintance, who was with Anderson, was an innocent bystander. The apparent purpose of this evidence was to prove that defendant was taken by surprise by Anderson and did not knowingly participate in the robbery.

Defendant argued these statements of Anderson to defendant's father were admissible under CRE 804(b)(3) which permits the admission of out-of-court statements if: (1) the declarant is unavailable; (2) the statement tends to expose the declarant to criminal liability so that a reasonable person would not make that statement unless it was true; and (3) corroborating circumstances clearly indicate the trustworthiness of a statement that is exculpatory of an accused. *People v. Lupton*, 652 P.2d 1080 (Colo.App.1982); *United States v. Carvalho*, 742 F.2d 146 (4th Cir.1984).

The trial court determined that the statements met the first two criteria under CRE 804(b)(3) but were unreliable and thus refused their admission. Review of the record indicates there was a sufficient basis for the trial court's determination of a

lack of trustworthiness as to these statements. Here, the statement of the father was not corroborated, either by another witness or under circumstances which support its trustworthiness. Moreover, in evaluating trustworthiness, the trial court may have considered the natural bias of the father towards his son. Therefore, in ruling against the admissibility of the father's testimony, the trial court did not abuse its discretion. *People v. Lupton, supra; see also People v. Nyberg,* 711 P.2d 719 (Colo.App.1985).

### III.

Defendant next argues that the testimony of a similar transaction by a police detective should have been admitted as evidence establishing the guilt of Anderson, and defendant's innocence. We disagree.

 A defendant may prove his innocence by establishing the guilt of another. *People v. Flowers,* 644 P.2d 916 (Colo. 1982), *cert. dismissed,* 459 U.S. 803, 103 S.Ct. 25, 74 L.Ed.2d 41 (1982). When evidence of similar offenses is sought to be introduced for defensive purposes, admissibility is decided on a case-by-case basis. *People v. Flowers, supra; People v. Bueno,* 626 P.2d 1167 (Colo.App.1981). Whether evidence is relevant is a matter within the discretion of the trial court, and the trial court's decision thereon will not be reversed unless it is shown there was an abuse of that discretion. *People v. Schwartz,* 678 P.2d 1000 (Colo.1984).

 The offer of proof by defense counsel was that the police officer would testify that Anderson had robbed a sandwich shop. Like the video store here, a weapon was used and money taken. The court, however, refused admission because the officer did not possess first-hand knowledge of the robbery and his testimony was therefore hearsay. The trial court also concluded that the prior criminal offenses were not similar enough since, *inter alia,* the type of weapon used in the other transaction was not included in the offer of proof.

Moreover, the offer of proof did not indicate that the person accompanying Anderson in the sandwich shop robbery was an innocent bystander. Here, the primary purpose of offering Anderson's similar criminal activity was to prove defendant was an innocent bystander and Anderson was the only guilty party. Therefore, the trial court properly concluded the other transaction evidence was not sufficiently similar to the transaction here to warrant its admission. *People v. Schwartz, supra.*

### IV.

 Defendant argues that the court erroneously instructed the jury because it included the element of deception as part of the offense of theft, even though deception was not charged and even though there was not evidence that would support the instruction. We reject defendant's argument.

The instruction was worded in the language of the statute, § 18-4-401, C.R.S. (1986 Repl.Vol. 8B), and our supreme court has held that there is no prejudice in instructing the jury of all sections of a theft statute, even though some sections did not apply to defendant. *People v. Becker,* 187 Colo. 344, 531 P.2d 386 (1975); *People v. Trujillo,* 186 Colo. 329, 527 P.2d 52 (1974).

Judgment affirmed.

HUME and MARQUEZ, JJ., concur.