**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Thomas ALLEE, Defendant–Appellant.**

No. 01CA2240.

Colorado Court of Appeals, Division IV.

April 10, 2003.

Certiorari Denied Oct. 6, 2003.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elisabeth Hunt White, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Thomas Allee, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree assault with a deadly weapon. We affirm.

The victim was defendant's girlfriend, who lived with him. According to the prosecution's evidence, defendant grabbed the victim by the hair, dragged her along the ground, struck her in the head with a shovel, kicked her, and threw rocks at her head. The victim suffered numerous injuries as a result of the attack.

Following the attack, defendant drove the victim to his aunt's house, and the police were called. The victim told the responding officers that defendant had attacked her and

hit her with a shovel. The aunt told the officers that defendant admitted he had hit the victim in the head with a shovel.

The victim was taken to the hospital where, in response to questioning as to the cause of her injuries, she told the emergency room physician that defendant had attacked her and struck her in the head with a shovel.

Defendant was arrested and charged with, as relevant here, first degree assault, domestic violence, and crime of violence.

At trial, both the victim and defendant's aunt said they did not remember any of the events of the day of the alleged assault, including making their statements to the police.

## I.

Defendant contends that the trial court committed reversible error in admitting hearsay statements made by the victim to the emergency room physician. We perceive no basis for reversal.

## A.

■ CRE 803(4) provides an exception to the hearsay exclusion when a statement is "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *See King v. People*, 785 P.2d 596, 600 (Colo.1990). Statements that fall within this exception are presumptively reliable because a patient generally believes that the effectiveness of the medical treatment may depend upon the accuracy of the information provided. *W.C.L. v. People*, 685 P.2d 176 (Colo.1984); *People v. Galloway*, 726 P.2d 249 (Colo.App.1986).

■ Such statements are admissible if they meet a two-part test of reliability: first, the declarant's motive in making the statement must be consistent with the purpose of promoting treatment or diagnosis; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis. *People v. Galloway, supra.*

■ While statements ascribing fault or identifying the perpetrator of an assault are generally not admissible under CRE 803(4), an exception exists where that portion of the statement is itself perceived by the medical provider as necessary for diagnosis and treatment. Thus, some courts have admitted such statements if they are relevant for diagnosis and treatment of psychological and other injuries accompanying domestic assault. *See United States v. Joe*, 8 F.3d 1488 (10th Cir.1993); 2 *McCormick on Evidence* 238 (John W. Strong ed., 1999).

The rationale in such cases is that the physician is required to treat the psychological and emotional injuries which accompany such abuse. *See Oldman v. State*, 998 P.2d 957 (Wyo.2000)(identity of attacker pertinent to treatment in domestic assault). Moreover, appropriate treatment of the abuse may require referral to domestic violence resources or assistance in leaving the home in which the abuse occurred. *See United States v. Joe, supra*, 8 F.3d at 1494 (stating that identity of abuser is reasonably pertinent to treatment in "virtually every domestic sexual assault case"); *Nash v. State*, 754 N.E.2d 1021, 1025 (Ind.Ct.App.2001)("where injury occurs as the result of domestic violence, which may alter the course of diagnosis and treatment, trial courts may properly exercise their discretion in admitting statements regarding identity of the perpetrator").

■ Here, the emergency room physician who treated the victim testified that it was part of his standard procedure to find out how the individual was injured and that he elicited the challenged statement to assist in his medical diagnosis and treatment. He stated that the victim said she had been assaulted by her boyfriend, thrown down the stairs, and struck in the head with a shovel and that she complained of arm and leg pain and pain from the laceration of her eye.

However, the record does not indicate that the identification of defendant as the victim's assailant was necessary for or pertinent to the physician's diagnosis or treatment or that he made any referral to domestic abuse re-

sources or took any other action based on that identification. Under these circumstances, we agree with defendant that the challenged statement was not admissible.

■ Nevertheless, because the physician's testimony concerning defendant's identity was essentially cumulative of testimony given by the investigating officers, the admissibility of which is not challenged here, we conclude that any error in admitting the statements was harmless under the circumstances. *See People v. Perez,* 972 P.2d 1072 (Colo.App. 1998).

### B.

■ We reject defendant's assertion that the physician's testimony regarding the victim's statements violated defendant's federal and state constitutional rights to confrontation because at trial the victim said she was unable to recall her statements. Defense counsel had the opportunity to cross-examine the victim about her statements, but apparently chose not to do so. Accordingly, there was no violation of defendant's confrontation rights. *See People v. Pineda,* 40 P.3d 60 (Colo.App.2001)(no denial of confrontation rights where the hearsay declarant testified at trial and was subject to cross-examination). The fact that at the time of trial the victim no longer recalled the statements or events does not alter this conclusion. *See United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

### II.

Defendant next contends that prosecutorial misconduct violated his right to a fair trial. We disagree.

### A.

First, defendant argues that reversal is required by the prosecution's statements during closing argument concerning the veracity of the victim. Because defendant did not object to the statements at trial, we review for plain error. We find none.

■ Prosecutorial misconduct mandates reversal for plain error only where there is a substantial likelihood that it affected the verdict or deprived the defendant of a fair and impartial trial. *People v. Constant,* 645 P.2d 843 (Colo.1982).

■ While it is permissible for counsel to draw reasonable inferences from the evidence as to witness credibility and point to circumstances casting doubt on a witness's testimony, it is improper for counsel to express a personal belief as to the truth or falsity of the testimony. *Wilson v. People,* 743 P.2d 415 (Colo.1987). In particular, a prosecutor's assertion of personal opinion concerning the credibility of witnesses poses two distinct dangers:

> [S]uch comments can convey the impression that evidence not present[ed] to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*Wilson v. People, supra,* 743 P.2d at 418–19 (quoting *United States v. Young,* 470 U.S. 1, 18–19, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1 (1985)).

■■ Contentions of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. *People v. Kerber,* 64 P.3d 930 (Colo.App.2002). The determination whether closing argument is improper is a matter committed to the discretion of the trial court. *People v. Shepherd,* 43 P.3d 693 (Colo.App.2001).

■ Here, in closing argument, the prosecutor said several times that the victim had "told the truth" about having been assaulted by defendant when she spoke to defendant's aunt, the emergency room physician, and the investigating officers. The prosecutor also argued to the jury that when the victim testified she did not remember what happened, she "told you a lie." Defendant made no objection.

Neither of the dangers discussed in *Wilson v. People, supra,* is implicated here. The comments do not suggest to the jury that the prosecutor had formed an opinion of guilt based on evidence not presented at trial, nor do they purport to carry the imprimatur of the government so as to induce the jury to trust the prosecutor's judgment rather than its own view of the evidence. Instead, the prosecutor's statements highlighted the argument that the victim's original accusations of defendant were credible, while her trial testimony that she did not recall the events or statements lacked credibility. In discussing the victim's credibility, the prosecutor pointed to specific evidence demonstrating that the assault had occurred and that the victim may have lacked the strength to confront defendant.

Under the circumstances, we conclude that the prosecution's comments did not rise to the level of plain error.

### B.

■ Next, we reject defendant's contention that plain error occurred when the prosecution advised the jury in opening statement that the victim had broken her "arm" rather than her "hand." No objection was made to the brief misstatement, and the jury heard testimony and other evidence demonstrating that a bone in the victim's hand, not her arm, was broken. Moreover, the misstatement was corrected in closing argument. Accordingly, we find no plain error. *See People v. Shields,* 701 P.2d 133 (Colo.App. 1985).

### C.

■ Next, defendant asserts that the prosecution misled the jury by misstating elements of the charged offense in closing argument. We perceive no basis for reversal.

In her closing argument, the prosecutor stated, "The defendant is charged with the crime of first degree assault, and all that is required for [that crime] is that the defendant used a deadly weapon, and he caused serious bodily injury to [the victim]." Defense counsel objected, pointing out that the prosecution had omitted the mental state element. The court overruled the objection.

In his own closing argument, defense counsel advised the jury of the prosecution's failure to list all the elements and emphasized the requirement for a finding as to defendant's mental state. Furthermore, the court properly instructed the jury on all the elements of the applicable charges and also advised the jury that "while the lawyers may have commented during trial" on the rules of law to be applied in the case, the jury was to be guided by the court's instructions. *See People v. Shields, supra.* Under the circumstances, the prosecution's failure to mention the mental state element was harmless beyond a reasonable doubt.

### D.

■ Defendant argues that the prosecution's remark that the jury should not be distracted by the defense "tactic" was reversible error. Again, we disagree.

■ A prosecutor's reference in closing argument to defense counsel's "tactics" may be improper because it is directed to opposing counsel rather than to the law and facts of the case. *People v. Coria,* 937 P.2d 386 (Colo.1997)(trial court should have sustained defendant's objections to prosecutor's references to "Theatrics 101," "smoke and mirrors," and "diversionary tactics").

Here, the prosecutor advised the jury during closing argument that it was unnecessary to prove that the victim's blood or defendant's fingerprints were on the shovel. She then stated, "Do not be confused by the [d]efense tactic to look for things that aren't there." The court overruled defendant's objection to the comment.

Because the prosecutor's brief comment was made in the context of attempting to draw the jury's focus to relevant evidence and was not intended to denigrate opposing counsel, we find no abuse of discretion in the trial court's ruling.

### E.

■ Defendant further argues that the trial court committed reversible error by al-

lowing the prosecution to comment, during closing argument, that the case could have been a "made for TV movie." Again, we perceive no basis for reversal.

■■■ In closing argument, counsel may employ rhetorical devices and engage in oratorical embellishment and metaphorical nuance, so long as he or she does not thereby induce the jury to determine guilt on the basis of passion or prejudice, attempt to inject irrelevant issues into the case, or accomplish some other improper purpose. *Harris v. People*, 888 P.2d 259 (Colo.1995); *People v. Hastings*, 983 P.2d 78 (Colo.App.1998), *aff'd sub nom. Gorman v. People*, 19 P.3d 662 (Colo.2000).

The prosecution's statement here was no more than an oratorical embellishment and was not unfairly prejudicial. Therefore, we find no abuse of discretion warranting reversal.

### F.

■■■ Finally, we also reject defendant's assertion that the prosecutor impermissibly commented on defendant's exercise of his right to remain silent by saying, "How injured does this woman have to be before the defendant will recognize what he did?" We do not read the statement as implicating defendant's Fifth and Fourteenth Amendment rights. Thus, we again find no basis for reversal.

The judgment is affirmed.

Judge DAILEY concurs.

Judge ROTHENBERG specially concurs.

Judge ROTHENBERG specially concurring.

I concur with the majority that the judgment should be affirmed. However, I write separately because I conclude the trial court did not err in admitting the victim's statements to the emergency room physician. Thus, I perceive no need to reach the issue of harmless error.

Section 16–10–201(1), C.R.S.2002, provides:

Where a witness in a criminal trial has made a previous statement inconsistent with his [or her] testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his [or her] testimony and the inconsistent statement relate, if [a foundation is shown].

A proper foundation is shown under the statute if the witness is available to give testimony at trial and the prior inconsistent statement "purports to relate to a matter within the witness's own knowledge." Section 16–10–201(1)(a)–(b), C.R.S.2002.

The requirement of a prior inconsistent statement is satisfied if the witness either denies or cannot recall the transaction or event in issue. *See People v. Aguirre*, 839 P.2d 483, 486 (Colo.App.1992); *see also* CRE 613(a) (permitting the admission of extrinsic evidence "[w]here the witness denies or does not remember" making a prior inconsistent statement, but limiting use of extrinsic evidence "to prove that the prior inconsistent statement was made").

Here, the victim testified at trial that she could not recall the events that led to the charges against defendant. Although the prosecution did not offer the victim's statements to the emergency room physician under § 16–10–201, the statements were nevertheless admissible on that basis, and I conclude the trial court did not err in admitting them. *See People v. Quintana*, 882 P.2d 1366, 1375 (Colo.1994)("A defendant's conviction will not be reversed if a trial court reaches the correct result although by an incorrect analysis.").